UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

HILTON EVANS,

           Petitioner,                      Case No. 4:06-cv-151

v.                                                  Honorable Richard Alan Enslen

BLAINE LAFLER et al.,

           Respondents.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I recommend that the petition be dismissed as frivolous.

## Discussion

Petitioner, who refers to himself as "Hilton-Delano: Evans, secured Party," is incarcerated in the Mid-Michigan Correctional Facility. He pleaded guilty in the St. Joseph County Circuit Court to absconding while on bond. On December 3, 2003, the trial court sentenced

Petitioner as a second habitual offender to imprisonment of twenty-eight months to six years. The Michigan Court of Appeals affirmed Petitioner's conviction in a memorandum opinion issued on October 25, 2005. Petitioner attempted to file an application for leave to appeal in the Michigan Supreme Court on April 10, 2006, but it was rejected as untimely.

The allegations in Petitioner's application for habeas corpus relief are rambling and difficult to understand, but Petitioner's primary claim appears to be that the Michigan courts lacked jurisdiction to try him for the crimes for which he was convicted. Petitioner appears to argue that the state courts lacked jurisdiction to try him because they never acquired a security interest over him, as required by the Uniform Commercial Code (U.C.C.). He claims that "this matter is a prima facie void judgment for lack of subject matter jurisdiction, and lack of in personam jurisdiction, and for fraud therewith conflict of interest concerning Petitioner's security interest, and for the reason being under the 60-day cycle transport disability by the penal system." (*See* Amended Pet., 5, docket #7). In his amended petition, Petitioner raises the following nine grounds for habeas corpus relief (verbatim):

I. Petitioner IS DEMANDING THE JUST RELIEF BY THE CHALLENGING THE RESPONDENT(S) JURISDICTIONAL AUTHORITY FOR THE VIOLATING THE Petitioner's CONSTITUTIONAL DUE PROCESS SUBSTANTIVE RIGHT PROTECTED BY THE Fifth Amendment PROVISION AGAINST THE RESPONDENT(S) WRONGFUL ARREST WITH THE ALLEGING PREDICATE "ID THEFT" CHARGE UNDER THE COLOR OF LAW STATUTE /MCL 750.285/

II. Petitioner IS DEMANDING THE JUST RELIEF BY THE CHALLENGING THE RESPONDENT(S) JURISDICTIONAL AUTHORITY BASED UPON THE FRAUDULENT MIS-REPRESENTATION BY THE COURT AND THE ALLEGING COURT APPOINTED ATTORNEY FOR THE DEPRIVING Petitioner OF HIS LIFE AND LIBERTY IN VIOLATION OF Petitioner's Fifth Amendment Right TO LAWFUL DUE PROCESS.

III. Petitioner IS DEMANDING THE JUST RELIEF BY THE CHALLENGING THE RESPONDENT(S) JURISDICTIONAL AUTHORITY BASED UPON

       THE RESPONDENT(S) FAILURE TO CEASE AND DESIST ALL PROCEEDINGS WHEN THE JURISDICTION IS BEING PROPERLY CHALLENGED BY Petitioner's ABATEMENT PLEADING IN VIOLATION OF Petitioner's Fifth Amendment SUBSTANTIVE DUE PROCESS RIGHT AND PROCEDURAL DUE PROCESS RIGHT.

IV.    Petitioner IS DEMANDING THE JUST RELIEF BY THE RESPONDENT(S) COLLUSION TO DEPRIVE Petitioner OF HIS LIFE AND LIBERTY BY THE RETALIATING CORRESPONDENCES AS THE ARTIFICE TO CAUSE CONFUSION AGAINST Petitioner IN ORDER TO INDUCE A VIOLATION OF STATUTE FOR ARREST IN VIOLATION OF Petitioner's Fifth Amendment SUBSTANTIVE DUE PROCESS RIGHT AND VIOLATING THE Equal Protection of the Laws.

V.    Petitioner IS DEMANDING THE JUST RELIEF BY THE CHALLENGING THE RESPONDENT(S) JURISDICTIONAL AUTHORITY BASED UPON RESPONDENT(S) TRESPASS AGAINST THE LAW OF JURISDICTION BY THE FAILING TO PROVE THE SAME WITH MALICIOUS INTENT TO FURTHER COMMIT FRAUD BY THE UN-TIMELY REVOKING & MIS-REPRESENTING THE TYPE OF BAIL BOND IN VIOLATION OF THE Petitioner's Fifth Amendment and Ninth Amendment RIGHT FOR THE DEPRIVING THE Petitioner OF HIS LIFE AND HIS LIBERTY.

VI.    Petitioner IS DEMANDING THE JUST RELIEF BY THE CHALLENGING THE RESPONDENT(S) JURISDICTIONAL AUTHORITY TO RESTRAIN Petitioner BASED UPON Petitioner's PERFECTED SECURITY INTEREST CLAIM AND RIGHT IN ACCORDANCE WITH THE Uniform Commercial Code Act 174 of 1962 et seq., THEREBY VIOLATING THE Petitioner's Fourth Amendment and Fifth Amendment Right PURSUANT TO THE FULL FAITH AND CREDIT OF THE PUBLIC ACTS.

VII.    Petitioner IS DEMANDING THE JUST RELIEF BY THE CHALLENGING RESPONDENT(S) GOVERNMENTAL CORPORATE JURISDICTIONAL AUTHORITY AND STANDING TO DISPARAGE AND RESTRAIN Petitioner BASED UPON THE GROUND THAT THE RESPONDENT(S) IS NOT THE PROPER HOLDER-IN-DUE-COURSE AGAINST THE COMMERCIAL JUDGMENT SENTENCING-COMMITMENT INSTRUMENT TO THE MICHIGAN DEPARTMENT OF CORRECTIONS CORPORATION (MDOC) PURSUANT TO THE Petitioner's COMMERCIAL STATUS AND STANDING AS THE SECURED PARTY (CREDITOR) BEING PROTECTED BY THE STATUTORY PROVISIONS IN THE Uniform Commercial Code Act Act 174 of 1962 et seq., AND PURSUANT TO THE Petitioner's DE JURE INDIVIDUAL SOVEREIGN STATUS STANDING UPON THE united States of America Constitution at Article IV, § IV., THEREBY VIOLATING THE Petitioner's UNALIENABLE

RIGHT WITH THE STANDING UPON THE Fourth Amendment, Fifth Amendment, AND THE Ninth Amendment BEING SUPPORTED BY THE FULL FAITH AND CREDIT OF THE PUBLIC ACTS.

VIII. Petitioner IS DEMANDING THE JUST RELIEF BY THE CHALLENGING THE RESPONDENT(S) JURISDICTIONAL AUTHORITY TO RENDER SUCH JUDGMENT BASED UPON THE LACK OF THE SUBJECT MATTER JURISDICTION AND THE LACK OF THE IN PERSONAM JURISDICTION WITH THE INSUFFICIENT CAUSE AND LACK OF SUFFICIENT DUE PROCESS BY THE FRAUD AND COLLUSIVE-ARTIFICE BEING COMMENCED BY THE RESPONDENT(S) FOR THE OBTAINING THE VOID JUDGMENT AGAINST THE Petitioner IN ACCORDANCE WITH Fed. Rule Civ. P Rule 60(b)4., WHEREBY IN VIOLATION OF THE Petitioner's Fifth Amendment Right under the United States Constitution AND THE Bill of Rights.

IX. Petitioner IS DEMANDING THE JUST RELIEF BY THE CHALLENGING THE RESPONDENT(S) JURISDICTIONAL AUTHORITY TO ARREST, CONVICT AND IMPRISON A Constitutional De jure American Citizen and Individual sovereign WITH THE OFFICIAL STATUS AS THE Secured Party Creditor-Lien Holder AGAINST THE RESPONDENT(S) CAUSE OF ACTION FOR RESTRAINT AND ALL THE COMMERCIAL PAPER BEING ATTACHED THERETO IN ACCORDANCE WITH THE VALUE IN "The Sovereign Immunities Act" AND WITH THE VALUE IN THE "Uniform Commercial Code - Act 174 of 1962., WHEREWITH THE RESPONDENT(S) RETALIATORY ACT IS A MALICIOUS ONE INFLICTING THE CRUEL AND UNUSUAL PUNISHMENT AGAINST THE Petitioner's Constitutional Eighth Amendment Right TO BE PROTECTED THEREFROM SUCH HARM.

The determination of whether a state court is vested with jurisdiction under state law over a criminal case is a function of the state courts, not the federal courts. *Wills v. Egeler,* 532 F.2d 1058, 1059 (6th Cir. 1976). Petitioner's claim that the state trial court lacked jurisdiction to try his case raises an issue of state law, because it questions the interpretation of Michigan law, and is therefore not cognizable in federal habeas review. *See United States ex. rel. Holliday v. Sheriff of Du Page County, Ill.,* 152 F. Supp. 1004, 1013 (N.D. Ill. 2001); *Cf. Toler v. McGinnis,* 23 Fed. Appx. 259, 266 (6 Cir. 2001) (district court lacked authority on habeas review to review petitioner's claim that the state court erred in refusing to instruct jury on the requirements for extraterritorial jurisdiction, because the claim was contingent upon an interpretation of an alleged violation of state law).

Moreover, Petitioner's jurisdictional claim is totally without merit. Other courts have rejected similar jurisdictional claims as being frivolous. *See e.g. Van Hazel v. Luoma*, No. 05-cv-73401-DT, 2005 WL 2837356, at *2 (E.D. Mich. Oct. 27, 2005) ("Petitioner cannot divest the State of Michigan of jurisdiction to prosecute him of a criminal offense simply by declaring a security interest in himself pursuant to the Uniform Commercial Code or having another person do so."); *State v. Arnold,* 379 N.W.2d 322, 323 (S.D. 1986) (trial court had jurisdiction over criminal defendant, even though defendant had declared natural individual sovereignty and declared the revocation of his marriage license, birth certificate, limited liability for perpetual succession of debt and credit, and social security indentures); *State v. Matzke,* 236 Kan. 823, 835-36, 696 P.2d 396 (Kan. 1985) (a person may not exempt himself or herself from obligations under the law by declaring that he or she is an "absolute natural person" or by claiming to revoke some power "formerly granted" to any and all government agencies). In addition, any reliance by petitioner on the U.C.C. in support of his jurisdictional argument is also without merit, because the U.C.C. is inapplicable to criminal proceedings. *See United States v. Humphrey,* 287 F.3d 422, 435 (6th Cir. 2002); *United States v. Holloway,* 11 F. App'x 398, 400 (6th Cir. 2001); *Chandler v. Curtis,* No. 05-cv-72608-DT, 2005 WL 1640083, at *2 (E.D. Mich. July 13, 2005).

## **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 because it is legally frivolous. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Date: March 6, 2007   /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).